## No. 10,652.

ÆTNA CASUALTY AND SURETY CO. *v.* FINANCE SERVICE COR-
PORATION.

Decided May 5, 1924.    Rehearing denied June 2, 1924.

Action on bond.    Judgment for plaintiff.

*Reversed.*

1. INSURANCE—*Surety Bond—Application.* In an application for a
surety bond, a misrepresentation material to the risk, made in
response to a specific inquiry, upon which the obligor relies to
his injury, avoids the policy at the option of the latter.

2. JUDGMENT—*Special Finding—No Evidence.* The answer to a spe-
cial interrogatory, like a general verdict, will not support a
judgment, when contrary to the undisputed evidence.

*Error to the District Court of the City and County of Den-
ver, Hon. Henry J. Hersey, Judge.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. ELMER
L. BROCK, Mr. JOHN P. AKOLT, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant
in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

THE defendant in error had judgment against the plain-
tiff in error in an action upon a bond, on which the plain-
tiff in error was surety, to indemnify the said Finance
Corporation against loss of money by reason of the acts
of the employe in connection with the duties of bookkeeper
and stenographer for the said corporation.

The defense was that in the application for the bond,
made by the plaintiff in behalf of said employe, answers
were required to certain questions propounded in the blank,
and that some of the answers were false in material mat-

ters.  The principal point upon which the defendant relies is that the plaintiff company falsely stated that no other person than the said employe, and the general manager of the company, was permitted to handle the funds for which the said employe would be responsible.  The question and answer are as follows:  "Will any person other than the applicant handle the funds in this position?  A.  None except general manager."  That others than the bonded employe and the general manager did handle the funds for which the employe was sought to be held responsible is not disputed.  She acted as cashier as well as bookkeeper and stenographer, and the evidence is undisputed that a number of people in the office received money in behalf of the company, in the line of the company's business, at various times.  This happened frequently when the employe was at lunch, or out on errands, and at various times when she was absent from the office because of sickness.

Counsel for defendant in error contend that this question properly understood, was truthfully answered, in that no one, *holding the position of cashier,* other than the employe in question, handled any funds.  Counsel urge that "no act should be considered a breach of the condition which involved nothing more than the receipt of money by an intermediary subject to the ultimate control by Mrs. Eagan."  He contends that "the handling of funds by the cashier, bookkeeper and stenographer meant more than the mere receipt of money; it means the control thereof by Mrs. Eagan, or the general manager, until its deposit in the bank."  In other words, counsel's view is that "handling the funds" means having possession of them by right of office,—the position of cashier.  We cannot accept this construction of the language used.  The evident purpose of the inquiry was to determine what risk the surety would take in agreeing to indemnify the obligee for loss from the acts of Mrs. Eagan in the position named.  So far as the risk is concerned, it is wholly immaterial in what capacity any one, other than the cashier, received funds for which she was to be held responsible.

The pertinent fact is that the one so receiving the money might fail to account for it, and so render the cashier liable for loss of funds which had never come into her possession. In our opinion the plain meaning of this contract is that no person, other than the employe and the general manager, would be permitted to handle, that is receive, funds of the company, for which the employe would be held to account. The surety, under this contract, was to be responsible only for the honesty of the employe, and the general manager, who would share with her in the handling of the funds. Neither could reasonably be held liable for a shortage which the evidence shows might be due to the reception of funds by others, and for which the others failed to account.

In the application, immediately above the signature of the defendant in error, appears the following: "The above answers are to be taken as conditions precedent to and a basis of said bond applied for, or any renewal or continuation thereof, or any other bond, that may be executed by The Ætna Casualty and Surety Company to the undersigned in behalf of the applicant above named."

In the bond in suit appears the following: "Whereas, the obligee has delivered to the company certain statements in writing relative to the honesty and duties and accounts of the employe, and other matters which, together with any other statements in writing by the obligee hereafter required by or made to the company, are warranted by the obligee to be true, and do and shall constitute and form the basis of this contract and the basis of renewals in whole or in part of any specific guaranty now or hereafter expressed herein."

This court is committed to the doctrine "that a misrepresentation material to the risk, made in response to a specific inquiry, upon which an obligor relies, to his injury avoids the policy, at the option of the latter." *American B. & T. Co. v. Burke,* 36 Colo. 49, 85 Pac. 692; *U. S. Fidelity & Guaranty Co. v. Downey,* 38 Colo. 415, 88 Pac. 451, 10 L. R. A. (N. S.) 323, 120 Am. St. Rep. 128.

The fact that the jury answered a special interrogatory to the effect that no one other than Mrs. Eagan and the general manager of the plaintiff handled the funds which she was authorized to handle, must be regarded in the same light as a general verdict, when the question is raised as to the sufficiency of the evidence to support it. It being undisputed that others handled the funds, neither the special verdict, nor the general verdict, supports the judgment. When it appeared that this condition of the contract had been broken, the court should have granted the motion of the defendant for a directed verdict.

The judgment is accordingly reversed, with directions to dismiss the cause.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.